**In re ITOC PETROLEUM CORPORATION**

v.

**DEAN WITTER REYNOLDS, INC. and Ron Fort.**

Bankruptcy No. 83–03685–H2–5.
Adv. No. 85–0575–H2.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

April 22, 1987.

Russell D. Weaver, Houston, Tex., for plaintiff-debtor, ITOC Petroleum Corp.

Porter & Clements, Mark Glasser, Houston, Tex., for defendants, Dean Witter Reynolds, Inc. and Ron Fort.

## DECISION AND ORDER FOR ENTRY OF JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

This court is fully aware that the trial court may not blindly accept the proposed findings of fact and conclusions of law of the prevailing party. *United States v. El Paso Natural Gas,* 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964).

However, when the proposed findings are consistent with the evidence and the conclusions are agreeable to the state of the law, no useful purpose would be served by recasting the same in the language of the court.

Accordingly, the substance of the prevailing party's proposed findings of fact and conclusions of law are made and stated simultaneously with the filing of this memorandum.

The court has given full consideration to the plaintiff's amended proposed findings of fact and conclusions of law and its Memorandum of Points and Authorities and rejects the same to the extent that they are inconsistent with the Decision and Order directing entry of judgment for the defendants.

The court makes the following findings of fact:

## FINDINGS OF FACT

This is a claim for damages in which the debtor-in-possession, ITOC Petroleum Corporation, seeks to recover losses incurred in its commodities trading account at Dean Witter Reynolds during the month of July, 1983. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1477.

On December 16, 1981, ITOC Petroleum Corporation entered into a Customer's Agreement with Dean Witter Reynolds, Inc., incident to ITOC's decision to commence trading of commodities futures with that firm.

On December 8, 1981, ITOC Petroleum Corporation acknowledged receipt of a Risk Disclosure Statement from Dean Witter Reynolds, Inc., wherein the risks of loss in trading commodities futures were described to plaintiff.

During the months of June and July, 1983, plaintiff ITOC Petroleum Corporation traded commodities in its account with Dean Witter Reynolds, Inc., by and through Ron Fort, a commodities broker then in the employ of Dean Witter Reynolds, Inc.

During the period of July 6–7, 1983, Heino Ahrens, the individual at ITOC Petroleum Corporation who was responsible for authorization of commodities trades, was engaged in foreign travel.

Before departing for foreign travel, Ahrens implicitly authorized Ron Fort to continue to trade in the ITOC commodities account in his absence, taking advantage of information or market movements that demonstrated the desirability of trading against the positions then reflected in the account. On July 6 and 7, 1983, Ron Fort brokered commodities trades in plaintiff's account consistent with the direction given by Mr. Ahrens.

On July 6 and 7, 1983, Dean Witter Reynolds communicated these trades, by telephone, by telex, and by computer-generated Account Activity Reports to the individual at ITOC Petroleum Corporation who was authorized to receive and confirm such trading information.

In a telephone conversation on the morning of Friday, July 8, 1983, Ron Fort communicated to Heino Ahrens sufficient information to demonstrate to Mr. Ahrens that numerous trades had been conducted in the ITOC account during the period of Mr. Ahrens' absence, and that such trades had resulted in a substantial loss of equity in the ITOC account.

In this telephone conversation with Fort, Ahrens registered no protest or disavowal of ITOC's responsibility for the trades of July 6–7, 1983, but only disappointment with the results.

On Friday, July 8th, Monday, July 11th, Tuesday, July 12th, and Wednesday, July 13th, Ahrens exercised exclusive control over the disposition of the trades placed in ITOC's account on July 6 and 7, 1983.

On July 11, 1983, a margin call in the amount of $67,000.00 was made upon ITOC Petroleum Corporation to cover losses sustained upon the positions opened on July 6 and 7, 1983.

On July 13, 1983, ITOC Petroleum Corporation paid the $67,000.00 margin call without protest.

On July 19, 1983, ITOC Petroleum Corporation corresponded with Ron Fort, claiming entitlement to a commission rebate. This correspondence made no mention of allegedly unauthorized trades conducted in the ITOC account during the period July 6–7, 1983.

On August 30, 1983, ITOC Petroleum Corporation corresponded with Dean Witter for the purpose of memorializing an alleged agreement regarding a commission rebate. This correspondence made no mention of allegedly unauthorized trades conducted in the ITOC account during the period July 6–7, 1983.

On October 19, 1983, ITOC Petroleum Corporation corresponded, by telex, with the New York office of Dean Witter, complaining of alleged commission overcharges and other matters. This correspondence made no mention of allegedly unauthorized

trades conducted in the ITOC account during the period July 6–7, 1983.

On August 31, 1983, ITOC Petroleum Corporation filed its debtor petition and attached schedules in this proceeding. None of the schedules attached to this petition refer to any claim against Dean Witter for allegedly unauthorized trades occurring in ITOC's account on July 6–7, 1983, although such schedules specifically refer to other claims against Dean Witter.

Although Lester Hare was the individual who would normally relay any protest regarding unauthorized trades to Ms. Monique Gibson, who was the individual at Dean Witter responsible for confirming the validity of trades with various customers, Mr. Hare at no time protested to Ms. Gibson, either for himself or for Mr. Ahrens, that unauthorized trades had been conducted in the ITOC Petroleum account.

Ahrens continued to trade with Dean Witter in another account for several weeks after liquidation of the positions opened on July 6–7, 1983 in the ITOC account.

ITOC Petroleum Corporation was content with and did not complain of the profitable precious metals trades conducted in its account during the period of Ahrens' absence from the country on July 6–7, 1983, even though ITOC asserts that no trades were to have been conducted in that account during that period.

Although it was obligated to do so in accordance with the protest provision found on the back of each of Dean Witter Reynolds, Inc.'s Account Activity Reports, plaintiff failed to notify the manager of the office servicing its account within three business days after receipt of its July 6 and 7 Account Activity Reports that it protested certain of the trades found therein.

Although it was obligated to do so under paragraph fourteen of the Customer's Agreement, plaintiff failed to object in writing to the daily report of the execution of orders conducted on July 6 and 7, 1983 within two days after forwarding of those reports to plaintiff, or to the statement of accounts within ten days after forwarding

of those statements by Dean Witter Reynolds to plaintiff.

Mr. Ahrens' principal business endeavor for many years has been the trading of refined petroleum products on the spot market. He is no novice, rather he is a sophisticated investor with business interests on an international scale.

All of the trades conducted in ITOC Petroleum Corporation's commodities trading account with Dean Witter Reynolds during the period July 6–7, 1983, and thereafter, were conducted with the prior authorization of ITOC's authorized agent, Heino Ahrens.

All of the trades conducted in ITOC Petroleum Corporation's commodities trading account with Dean Witter Reynolds during the period July 6–7, 1983, were ratified by ITOC Petroleum Corporation.

All of the trades conducted in ITOC Petroleum Corporation's commodities trading account with Dean Witter Reynolds during the period July 6–7, 1983, are binding upon ITOC Petroleum Corporation, in that ITOC Petroleum Corporation is estopped to complain of such trades for failure to promptly object to them.

## CONCLUSIONS OF LAW

ITOC Petroleum Corporation's authorization and ratification of the trades made in ITOC Petroleum Corporation's commodities trading account with Dean Witter Reynolds during the period July 6–7, 1983, constitute a complete defense to any and all of plaintiff's claims herein.

Finding that plaintiff gave prior authorization to such trades, and that plaintiff ratified and is estopped to complain of such trades, the court finds that plaintiff is not entitled to prevail upon any of its claims herein. *Altschul v. Paine, Webber, Jackson & Curtis*, 518 F.Supp. 591, 594 (S.D.N.Y.1981); *Jaksich v. Thomson McKinnon Securities, Inc.*, 582 F.Supp. 485 (S.D.N.Y. 1984).

The protest provisions found in Dean Witter Reynolds, Inc.'s Account Activity Report and Customer's Agreement are reasonable. Plaintiff's failure to com-

ply with such protest provisions constitutes a complete defense to plaintiff's belated complaint of these trades. *Robertson v. Clayton Brokerage Company of St. Louis, Inc.*, 587 F.Supp. 678 (N.D.Ga.1984).

The protest provisions found in Dean Witter Reynolds, Inc.'s Account Activity Report and Customer's Agreement created a duty of compliance on the part of plaintiff if plaintiff intended to complain of any allegedly unauthorized trades. For failure to comply with these provisions, plaintiff ratified and is estopped to complain of these trades. *Robertson v. Clayton Brokerage Company of St. Louis, Inc.*, 587 F.Supp. 678 (N.D.Ga.1984).

The protest provisions found in Dean Witter Reynolds, Inc.'s Account Activity Report and Customer's Agreement create a rebuttable presumption that ITOC Petroleum Corporation and its agents possessed the requisite understanding of their obligation to complain of any allegedly unauthorized trades at the first reasonable opportunity after discovering them. *Sherwood v. Madda Trading Co.*, [1977–1980 Transfer Binder] Comm.Fut.L.Rep. (CCH) ¶ 20,728 (C.F.T.C. Jan. 5, 1979).

Plaintiff failed to rebut the presumption that it and its agents possessed the requisite understanding of their obligation to complain of any allegedly unauthorized trades in their account at Dean Witter Reynolds, Inc. at the first reasonable opportunity after discovering such trades.

Plaintiff and its agents failed to complain or attempt to complain to Dean Witter Reynolds, Inc. of any allegedly unauthorized trades in its account either immediately upon the discovery of such allegedly unauthorized trades, or at any reasonable time thereafter.

Defendants are entitled to judgment wherein plaintiff shall take nothing of them upon any of its claims, together with costs.

Let judgment enter accordingly.